### BAVIL SEYMOUR vs. WILLIAM CARTER.

A claim for damages caused by flowing land by means of a mill-dam may be waived by parol.

THIS was a complaint and petition for a jury to assess damages done by the respondent's flowing the complainant's land by means of a mill-dam. The respondent claimed a right to flow said land without compensation ; and to prove this right he introduced the deposition of Israel A. Jones, who built the dam in 1825, and conveyed it to the respondent in 1831. Jones deposed, that before the dam was erected, the complainant requested and urged him to build it and erect a mill, for the benefit of the neighborhood, and promised that if it should overflow his land, he would not ask any damages. Evidence was also introduced, that the complainant, in 1829 and in 1836, had stated that he asked no damages for the flowing ; remarking, in 1829, that the privileges of the mill were greater than the sacrifice of the land flowed ; and in 1836, that he gave the privilege of flowing his land for the benefit that he derived from the mill.

The case was submitted to the court on the foregoing evidence.

*Wells*, for the complainant.

*Porter & Sumner*, for the respondent.

SHAW, C. J. We think the present case does not call upon the court to discover and settle the line of distinction between an easement or privilege in land, which must be proved by deed or presumed grant, and a license, which may be proved by parol ; a distinction which the learned Chancellor Kent significantly denominates " quite subtle." 3 Kent Com. (3d ed.) 452.

The claim of the complainant is to recover damages for flowing his land by means of the respondent's mill-dam. It is a demand for money, pursued in a special form adapted to the particular case ; but still a demand for money, and nothing more. The respondent, a mill-owner, relies upon no grant or license from the complainant, either to erect or maintain his mill on his own land. This right was fully given him by law. The *St.* of 1795,

Seymour *v.* Carter.

*c.* 74, § 1, in force when this mill was erected, declares, that "it shall be lawful for the owner of such mill to continue the same head of water to his best advantage ;" giving the owner, whose lands are thus flowed, a special remedy for his damages in money.   But it seems very clear, that it is a good defence to a claim for a sum of money, that it has been paid, or satisfied by agreement, or waived ; and that proof of payment, accord and satisfaction, or waiver, may be made by parol.   *Clement* v. *Durgin,* 5 Greenl. 9, is directly in point.   The case established by the proof in the present case is precisely the one put by way of illustration there.   The owner of the land, to encourage his neighbor to build a mill, which may be useful to the neighborhood, but unprofitable to the builder, promises to claim no damages.   He grants nothing, he yields nothing but this claim for pecuniary damages.   For the promise thus made not to claim damage, there is a good and legal consideration.   There is promise for promise, on which the builder of the mill relies, and incurs expense in the execution of his part of the agreement.   The justice of the case is clear, and we think the law sustains 't.

*Complainant nonsuit.*